UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN MCCOY,

    Plaintiff,

 v.              Case No. 24-cv-279-pp

HEISER AUTOMOTIVE GROUP,
CHRIS MEYER, KRISTINA BECK,
DAVID LOPEZ and BREANNA CLARK,

    Defendants.

**ORDER ADOPTING JUDGE DRIES'S REPORT AND RECOMMENDATION (DKT. NO. 8), DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), AND DISMISSING CASE FOR LACK OF DILIGENCE**

  On March 4, 2024, plaintiff Steven McCoy filed a complaint against the Heiser Automotive Group and others regarding the accounting of payments made to the dealership over several years, dkt. no. 1, and asked the court for leave to proceed without prepaying the filing fee, dkt. no. 2. On March 29, 2024, Magistrate Judge Stephen C. Dries concluded that the plaintiff was unable to pay the filing fee but that his complaint failed to state a federal claim. Judge Dries gave the plaintiff an opportunity to file an amended complaint. Dkt. No. 4 at 5.

  The court received the plaintiff's amended complaint on April 24, 2024, dkt. no. 5; Judge Dries also dismissed the amended complaint for failure to state a federal claim, dkt. no. 6. Judge Dries gave the plaintiff a second

1

opportunity to amend the complaint to address the deficiencies Judge Dries had identified, and set a deadline of May 25, 2024 by which the plaintiff could file the second amendment complaint. Dkt. No. 6. The plaintiff did not file a second amended complaint by that deadline, so Judge Dries issued an order requiring the plaintiff to show cause why the court should not dismiss the case for lack of diligence. Dkt. No. 7. The clerk's office mailed that order to the plaintiff at the Maryland Avenue address he had listed on his complaint. The order has not been returned to the court as undeliverable and the court has no reason to believe the plaintiff did not receive it, but to date, he has not responded to the order to show cause.

On July 31, 0224, Judge Dries issued a report recommending that this district court judge dismiss the case for lack of diligence and that the court deny the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 8. At the end of the order, Judge Dries advised the plaintiff that written objections to the report and recommendation could be filed within fourteen days of service and that failure to file objections would result in a waiver of the right to appeal. Id. at 2. Again, the clerk's office mailed that order to the plaintiff at the Maryland Avenue address he listed in his complaint and it has not been returned to the court as undeliverable. The court has no reason to think the plaintiff did not receive the order, but the court has received no objections to Judge Dries's recommendation.

Federal Rule of Civil Procedure 72(c) says that if a party objects to a magistrate judge's recommended disposition of a case, the district judge must

2

"determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and either "accept, reject, or modify the recommended disposition." Because the plaintiff has not objected to any part of Judge Dries's recommendation, the court is not required to review it *de novo.*

Even so, the court has reviewed the amended complaint, and it agrees with Judge Dries that that pleading does not state a federal claim for relief. The plaintiff has sued a private entity—a car dealership—and its service manager and three other employees. Dkt. No. 5 at 1-2. Although in his description of some of the defendants, he says that they discriminated against him based on religious beliefs or gender, id., the body of the complaint alleges that the service manager committed negligent and intentional infliction of emotional distress, breach of fiduciary duty and breach of contract—all of which are state-law claims. Id. at 3-4.

The plaintiff also alleges that the service manager told him at one point that the service manager did not care what the plaintiff told "Jesus," and alleges that this constituted religious discrimination. Id. at 4. Even if the service manager's statement constituted religious discrimination, the court is unaware of any federal statute or constitutional provision that prohibits an employee of a privately-owned car dealership from discriminating against a customer based on religion. There are laws that prohibit *employers* from discriminating against employees based on religion, and the First Amendment prohibits *government entities* from violating a citizen's First Amendment rights. And the body of the complaint contains no allegations supporting claims of any

3

kind of discrimination against any of the defendants; the plaintiff says that he "suspected racial issues and discrimination" while working with the staff, but does not identify his race or describe the basis for his suspicions. His basis for alleging gender discrimination is his claim that one of the employees "mentioned 'child support' as to why Heiser would not place his business name on the vehicle contract/registration." Dkt. No. 5 at 12. It is not clear what this assertion means.

Further, the plaintiff has twice failed to comply with the court's orders: he did not file a second amended complaint by the deadline Judge Dries gave him and he has not responded to the order to show cause. Civil Local Rule 41(c) (E.D. Wis.) allows the court to dismiss a case with or without prejudice whenever it appears that the plaintiff is not diligently prosecuting the action. The court agrees with Judge Dries that dismissal is appropriate.

The court **DENIES** the plaintiff's motion to proceed without prepayment of fees. Dkt. No. 2.

The court **ADOPTS** Judge Dries' report and recommendation. Dkt. No. 8.

The court **ORDERS** that this case is **DISMISSED** under Civil Local Rule 41(c) for lack of diligence. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**